UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Emilio R., <br><br> Petitioner, <br><br> v. <br><br> Pamela Jo Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; Todd Lyons, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; and David Easterwood, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, <br><br> Respondents. | Case No. 26-cv-00105 (MJD/ECW) <br><br> REPORT AND RECOMMENDATION |

This matter is before the Court on Petitioner Emilio R.'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on January 8, 2026. (Dkt. 1.) Petitioner is a citizen of Mexico who has resided in the United States for more than 20 years. (*Id.* ¶ 3.) He was arrested by U.S. Immigration and Customs Enforcement ("ICE") on January 7, 2026 and has been detained by ICE since that date. (*Id.*) Petitioner seeks a declaratory judgment that he is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b)(2), and that an immigration judge must therefore hold a custody redetermination hearing under 8 C.F.R. § 1236 to

allow Petitioner the opportunity to seek a bond for his release from custody. (*Id.* ¶ 1; *see also* Dkt. 7 (Petitioner's reply).)

On January 12, 2026, U.S. District Judge Michael J. Davis issued an Order requiring Respondents to file their answer no later than January 14, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case. (Dkt. 3 ¶ 1.) Judge Davis also "enjoined Respondents from removing Petitioner from the District of Minnesota" until a final decision has been made on the Petition. (*Id.* ¶ 4.) On January 14, 2026, Respondents filed a Response and a supporting Declaration of Seth T. Patrin, who is a Deportation Officer with ICE. (Dkts. 5, 6.) Petitioner filed his reply on January 17, 2026 (Dkt. 7), and the case is now ripe for decision.

## I.   FACTS

Petitioner alleges, and Respondents do not dispute, that he is a citizen of Mexico who has resided in the United States for more than 20 years. (Dkt. 1 ¶¶ 44-45.) According to Respondents, Petitioner was twice encountered by U.S. Border Patrol in the United States in 2003 and granted voluntary return to Mexico on both occasions. (Dkt. 6 ¶¶ 4-5.) According to Respondents, Petitioner "entered the United States without inspection or parole." (*Id.*) ICE arrested Petitioner as part of "Operation Metro Surge" on January 8, 2026, and was transferred to El Paso Camp East Montana in El Paso,

Texas, on the same day.[1] (*Id.* ¶ 7.) Respondents state Petitioner is currently awaiting an immigration removal hearing. (*Id.*)

## II. LEGAL STANDARD

A federal court may provide habeas relief to a person who is detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Petitioner has the burden of proving his entitlement to relief by a preponderance of the evidence. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025) (citations omitted). As U.S. Magistrate Judge John F. Docherty recently explained in a similar case:

> Two provisions of the Immigration and Nationality Act are relevant to this case. Under 8 U.S.C. § 1225(b)(2), which applies to "an alien seeking admission" to the United States, detention while immigration proceedings are conducted is mandatory, while under 8 U.S.C. § 1226(a), which applies to an alien who is unlawfully present in the United States, detention is discretionary and may only be imposed after a hearing.

*Mahamed C.A. v. Noem*, No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *1-2 (D. Minn. Dec. 16, 2025), *R. & R. adopted sub nom.*, 2025 WL 3754012 (D. Minn. Dec. 29, 2025).

## III. ANALYSIS

As stated above, Petitioner seeks a declaratory judgment that he is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b)(2), and thus entitled to a custody redetermination hearing before an

---

[1]   Respondents state that they were unaware of "any habeas that was filed nor any requests not to be transferred." (Dkt. 6 ¶ 7.) They have not argued that this transfer deprived the Court of jurisdiction over the Petition.

immigration judge under 8 C.F.R. § 1236 so Petitioner can seek a bond for his release from custody. (*Id.* ¶ 1; *see also* Dkt. 7 (Petitioner's reply).)

The Response makes the following argument for denial of the Petition:

> This petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided. Those issues are currently before the Eighth Circuit on expedited review in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). For purposes of expediting these proceedings, the Federal Respondents assert all arguments raised by the government in *Avila*, preserve those arguments for any appeal in this case, and respectfully request that the Court deny Petitioner's habeas petition.

(Dkt. 5 at 1.)[2] Respondents did not make any specific arguments to support their request for denial. (*Id.*)

In his Reply, Petitioner argues, "As this District has previously determined in numerous other cases, Respondents' interpretation of 8 U.S.C. §§ 1225 and 1226 is erroneous." (Dkt. 7 at 3.) Petitioner further argues that the Response "suggest[s] that [Petitioner] was arrested precisely under Section 1226 because it reflects that Petitioner was arrested and detained within the interior of the United States by ICE on January 8, 2026 'as part of Operation Metro Surge'" and "[u]nder the plain language of section 1226, a noncitizen may be arrested and detained pending a decision on whether the alien is to be removed from the United States, but is entitled to a bond hearing under that same section." (*Id.* at 5.)

The crux of the issue here is whether Petitioner, who Respondents assert entered the United States without inspection or parole, who has lived in the United States for over

---

[2] Page number citations in this Report and Recommendation are to the page number assigned by CM/ECF.

4

20 years, and who was arrested by ICE as part of "Operation Metro Surge" in 2026, should be treated as an "applicant[] for admission" under § 1225, subjecting him to mandatory detention, or as "an alien" who was "arrested and detained pending a decision on whether the alien is to be removed from the United States" under § 1226, and therefore entitled to a bond hearing before an immigration judge.  Given the absence of any specific argument by Respondents, the Court turns to the numerous thoughtful and persuasive decisions addressing this issue in this District and nationwide, which overwhelmingly support granting the Petition.  *See Mahamed C.A.*, 2025 WL 3771299, at *2-3 ("The United States concedes that Petitioner's claim is similar to numerous other immigration cases in this District in which citizens detained by U.S. Immigration and Customs Enforcement seek bond hearings, in every one of which a district judge of this Court has ruled against the government's new interpretation. . . .  Going beyond Minnesota to consider this question on a national level, over 300 cases (and counting) have been decided adversely to the government.").  As another judge in this District recently explained: "Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are 'inadmissible' because they entered the United States without inspection." *Martin R. v. Noem*, No. 26-CV-168 (JMB/LIB), 2026 WL 115024, at *2 (D. Minn. Jan. 15, 2026).  The Court sees no reason to depart from this well-reasoned consensus, and adopts the statutory analysis set forth in *Martin R.* and the myriad other cases rejecting Respondents' position.

5

Consequently, the Court recommends that the Petition be granted insofar as Respondents be ordered to hold a bond hearing for Petitioner before an immigration judge **in Minnesota** within 7 days of an order adopting this Report and Recommendation, and, if he is not granted a bond hearing within 7 days of such an order, that Petitioner be immediately released.  The Court further recommends Respondents be ordered to immediately return Petitioner to Minnesota until further order of the Court, and Respondents be enjoined from again moving Petitioner outside of Minnesota until further order of the Court, so that Petitioner may consult with his counsel while the Court is considering his Petition, and so that there is no risk that removal of Petitioner from Minnesota will deprive this Court of jurisdiction over the Petition.

Given Respondents' non-specific arguments in their Response, the Court sets an expedited deadline for objections to this Report and Recommendation.  *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, **unless the court sets a different deadline**.") (emphasis added).  Any objections to this Report and Recommendation are due **on January 21, 2026**.  Responses to objections are due **on January 23, 2026**.

## IV.   RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1.   The Petition be **GRANTED** insofar as Respondents be ordered to hold a bond hearing for Petitioner before an immigration judge **in Minnesota** within 7 days of an order adopting this Report and Recommendation, and,

6

      if he is not granted a bond hearing within 7 days of such an order, that Petitioner be immediately released.

2.   Respondents be **ORDERED** to immediately return Petitioner to Minnesota until further order of the Court, and Respondents be **ENJOINED** from again moving Petitioner outside of Minnesota until further order of the Court, so that Petitioner may consult with his counsel while the Court is considering his Petition, and so that there is no risk that removal of Petitioner from Minnesota will deprive this Court of jurisdiction over the Petition.

Dated: January 18, 2026

                                                          s/ *Elizabeth Cowan Wright*
                                                          Elizabeth Cowan Wright
                                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. **The Court modifies this deadline such that objections are due on or before January 21, 2026.** *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, unless the court sets a different deadline."). **Responses to objections are due on or before January 23, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).