UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Emilio R.,

        Petitioner,

ORDER VACATING
IN PART ORDER
DOCKETED AT ECF NO. 14
Civil File No. 26-105 (MJD/ECW)

Pamela Bondi, et al.,

        Respondents.

Graham Blair Ojala-Barbour, Ojala-Barbour Law Firm, Counsel for Petitioner.

Justin Merak Page, Assistant United States Attorney, Counsel for Respondents.

On January 23, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus and ordered Respondents to provide Petitioner with a bond hearing.  [Doc. 10.]  On January 31, 2026, Respondents informed the Court that Petitioner's bond hearing was held on January 29, 2026 and that Petitioner was denied bond due to "concerns for public safety."  [Doc. 13.]  No further explanation was provided.  On February 5, 2026, the Court ordered Petitioner released from custody.  [Doc. 14.]

On February 6, 2026, Respondents filed a letter to the Court, seeking clarification of the Court's February 5 order.  [Doc. 16.]  Specifically, Respondents

wanted "to understand if the Court's relief is a sanction for the lack of specificity in [their] status report or an amendment to the original order based upon a finding that the bond hearing was inadequate." [Id. at 1.]

It was neither.

In their February 6 letter, Respondents stated the following:

> On January 29, 2026, Petitioner had a bond hearing where his bond request was denied because Petitioner had an active warrant from the Minneapolis Police Department for a hit and run that occurred in 2006. Additionally, he provided the police with a false name and date of birth. Consequently, the Immigration Judge found that he was a flight risk. Further, the Immigration Judge found that Petitioner was twice returned to Mexico at the U.S./Mexico border in 2003 and was charged on January 8, 2026 with misdemeanor illegal re-entry. Therefore, the Immigration Judge found Petitioner to be a danger and denied bond.

[Id.]

Knowing this information, the Court agrees with the immigration judge's findings.  Petitioner is a danger to the community.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court's order docketed at **ECF No. 14** is **VACATED in part as to ordering the immediate release of Petitioner from custody**;

2. The **remainder of the order docketed at ECF No. 14** remains in full force and effect; and

3. Petitioner Emilio R. is to remain in custody as ordered by the immigration judge because he is a danger to the community.

Dated:  February 7, 2026               s/ Michael J. Davis
                                       Michael J. Davis
                                       United States District Court